UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TROY WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14CV23 SNLJ |
| PEMISCOT COUNTY CIRCUIT COURT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff is civilly committed at the Northwest Missouri Psychiatric Rehabilitation Center. He brings this action under 42 U.S.C. § 1983, seeking relief from a state judgment and "one sextillion dollars and 1400 billion" dollars in money damages. The only named defendants are the Pemiscot County Circuit Court and the Fred Copeland, a Circuit Court Judge. The complaint is largely unintelligible. Plaintiff rambles something about telling a judge he was the President of the United States and not getting enough sleep, but none of his allegations implicate the Constitution or any federal statutes.

## Discussion

The complaint is frivolous because it is wholly conclusory and does not allege any facts, which if proved, would entitle plaintiff to relief.

Furthermore, plaintiff's complaint is legally frivolous as to Judge Copeland because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Finally, federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id. For these reasons, the complaint is frivolous, and the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis

[ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 6th day of March, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE